IN THE UNITED STATES DISTRICT COURT

OF HAWAI'I

| | |
|---|---|
| MARA AMONE individually, and on behalf of all persons similarly situated,<br><br>      Plaintiffs,<br><br>vs.<br><br>STEPHANIE AVEIRO, in her capacity as the Executive Director of the Housing and Community Development Corporation of Hawaii; et al.<br><br>      Defendants. | CIVIL NO. CV04 00508<br>        ACK/BMK<br>(Class Action)<br><br>**MEMORANDUM IN SUPPORT OF JOINT MOTION** |

MEMORANDUM IN SUPPORT
OF JOINT MOTTION

I. Factual and Procedural Background

Plaintiff Mara Amone filed the Complaint on August 18, 2004, alleging that Defendants[1], acting in their official capacities, failed to comply, among other

---

[1] On July 1, 2006, pursuant to Act 188, Session Laws of Hawaii 2006, the functions of the "Housing and Community Development Corporation of Hawaii" were transferred to the "Hawaii Public Housing Authority".

200542_1.DOC

things, with the requirements of the United States Housing Act §1437a (1) and the supporting regulation, 24 C.F.R. §965.508 by failing to review or update the supplemental disability allowance to which eligible disabled federal public residents are entitled.

On March 2, 2005, the Court issued an Order certifying and defining the class in this action as "disabled persons that currently reside, or have resided within the last two years, in an HCDCH public housing project in which residents receive utility allowances, whose special needs arising from their disability require them to consume utilities in excess of the amount provided for in the standard utility allowances."

The Order also required the parties to agree on a proposed Notice to potential class members which was approved by Court on June 17, 2005. Subsequently, HCDCH began mailing the Notice to potential class members. *See, Affidavit of Patti Y. Miyamoto*[2].

---

[2] Defendant Stephanie Aveiro, retired as HCDCH executive director, in September, 2006. Ms. Miyamoto, who was HCDCH's chief compliance officer, is the interim executive director.

On May 31, 2005, the Court granted Plaintiffs' Motion for Partial Summary Judgment as to Counts II, IV, V and VI of the Complaint, denied Defendants' Counter-Motion for Summary Judgment, and granted Plaintiffs' injunctive relief. The Court ordered Defendants "to make appropriate adjustments to the HCDCH utility allowances for those residents whose special needs arising from their disability require them to consume utilities in excess of the amount provided for in the standard public housing utility allowances in accordance with the Untied States Housing Act and its supporting regulations."

Subsequently, the parties engaged in discussions to settle the case which has resulted in the attached Settlement Agreement.

## II. Legal Standard

Rule 23(e)(1)(C) of the <u>Federal Rules of Civil Procedure</u> provides:

> "The court may approve a settlement, voluntary dismissal, or compromise that would bind class members only after a hearing and on finding that the settlement

is, voluntary dismissal, or compromise is fair, reasonable, and adequate."

There are three steps which the Court must take for final approval of any settlement: 1) it must make a preliminary approval of the proposed settlement; 2) members of the class must then be given notice of the proposed settlement; and 3) a hearing for final approval of the settlement must be held. *Williams v. Vukovich*, 720 F.2d 909, 921 (6th Cir.1983); *Brotherton v. Cleveland*, 141 F. Supp. 2d 894, 903 (S.D.Ohio 2001).

Preliminary approval of a proposed class action Settlement is within the sound discretion of the Court and may be granted if the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible judicial approval. *In re Shell Oil Refinery*, 155 F.R.D. 552, 555 (E.D.La. 1993);

*Manual on Complex Litigation, Second*, §30.44 (1985); Herbert B. Newberg & Alba Conte, *Newberg on Class Actions*, §§ 11.24-11.25 (3rd Ed. 1992). Under those criteria, the parties urge this Court to grant preliminary approval of the settlement.

### III. Preliminary Approval Of the Settlement Should Be Granted

The parties were motivated to settle this case because Plaintiffs essentially obtained the declaratory and injunctive relief they sought. The Complaint did not seek compensatory damages for Plaintiffs; it asked the Court to order Defendants to simply comply with the law. That relief has been completed with this Court's orders and the corrective measures instituted by HCDCH, including updating the supplemental utility allowances, and amending its administrative rules to require annual review and update of the utility allowance schedules. Settlement discussions were instituted because all of Plaintiffs' relief had been obtained.

The Settlement Agreement reached in this case awards Class Counsel their attorneys' fees and costs, which the parties agree is fair and reasonable. Further, the Agreement was reached as a result of arms' length and non-collusive negotiations directly between Class Counsel and the Office of the Attorney General. Class Counsel, as well as the Office of the Attorney General, are well-experienced in class action litigation and have been adversaries in other class litigation, e.g. <u>Burns-Vidlak v. Chandler</u>, Civ. No. 95-00892.

Lastly, the settlement does not afford preferential treatment to any segment of the class since all members of the class benefit from HCDCH's corrective measures and continued compliance with the law and supporting regulations and HCDCH has agreed to pay Class Counsel their attorneys fees and costs which has no impact on the class members. The settlement falls within the range of settlement scenarios allowing for judicial approval and

200942_1.DOC                           11

therefore he Court is urged to approve the Joint Motion.

Because the parties do not anticipate any objections from the class members, and in the interest of expediting conclusion of this matter, it is respectfully requested that the Court may waive the Final Fairness Hearing if no objections to the settlement of the case are received from any class member, and that the Court issue the appropriate Order concluding and dismissing the case.

## III. Conclusion

Both parties respectfully request that the Court order the following at the conclusion of the hearing for preliminary approval:

1) grant preliminary approval of the settlement reached in this case;

2) set a date and time for the Final Fairness Hearing, which may be waived by the Court if

no objections to the settlement are received within the time specified;

3) approve the publication of the proposed Notice to class members of the proposed settlement or an alternative Notice; and

4) if no written objections to the settlement are received from any class member ten (10) days before the Final Fairness Hearing date, then the Court may waive the Hearing and enter an Order giving final approval to the settlement, and enter an Order dismissing the case with prejudice.

DATED: Honolulu, Hawaii  Feb. 22, 2007 .

Respectfully Submitted

MARK J. BENNETT
Attorney General

JOHN C. WONG
DIANE K. TAIRA
Deputy Attorneys General
Attorneys for Defendants

14

_____
SHELBY ANNE FLOYD, ESQ.
GAVIN K. THORNTON, ESQ.
Attorneys for Plaintiffs