# SETTLEMENT, RELEASE AND INDEMNIFICATION AGREEMENT

THIS SETTLEMENT, RELEASE AND INDEMNIFICATION AGREEMENT ("Agreement") is made and entered into this 16th day of January, 2007, between Plaintiff (as defined in paragraph 2.2), the Law Firms of Alston Hunt Floyd & Ing and Lawyers for Equal Justice (hereinafter collectively referred to as the "Law Firm") and the "State of Hawaii" (as defined in paragraph 2.3), for themselves and their respective Representatives (as defined in paragraph 2.5).

## RECITALS

1.1 Alston Hunt Floyd and Ing and Lawyers for Equal Justice represent Mara Amone and the class members in *Amone, et al. v. Aveiro, in her official capacity, and the Housing and Community Development Corporation of Hawaii, a duly established agency of the State of Hawaii, et al.*, Civ. No. 04-00508 ACK (the "Lawsuit"), filed in the United States District Court for the District of Hawaii, on August 18, 2004. The Court certified them as Class Counsel for Plaintiffs, in this

214458-1                                                         EXHIBIT A

action brought pursuant to FRCP Rule 23(b)(2). Plaintiffs sought to recover injunctive or declaratory relief based upon alleged violations of section 504 of the Rehabilitation Act, the Americans with Disabilities Act (ADA), the U.S. Housing Act of 1937, as amended, and 42 U.S. C. §1983, et seq., by the State of Hawaii and one or more of its Representatives.

    1.2  On March 2, 2005, the District Court issued an order granting Plaintiff Amone's motion for class certification and defining the class as "disabled persons that currently reside, or have resided within the last two years, in an HCDCH public housing project in which residents receive utility allowances, whose special needs arising from their disability require them to consume utilities in excess of the amount provided for in the standard public housing utility allowances".

    1.3 Plaintiffs obtained an injunction order which was issued by the District Court on May 31, 2005, the Honorable Alan C. Kay, presiding, against the State of

214458-1      2

Hawaii and one or more of its Representatives and which essentially ordered the State of Hawaii to comply with the law.

1.4 In order to terminate the litigation and without admitting any fault of liability as to the allegations contained in the Complaint, Plaintiffs, the Law Firm and their Representatives, and the State of Hawaii and its Representatives, now desire to effectuate a final settlement, release and dismissal with prejudice of any and all Covered Claims (as defined in paragraph 2.7) by Plaintiffs against the State of Hawaii or any of its Representatives.

NOW, THEREFORE, the Undersigned Parties on behalf of themselves and their respective Representatives agree as follows:

## DEFINITIONS

2.1 "Agreement" shall mean this Settlement Release and Indemnification Agreement.

2.2 "Plaintiffs" shall mean Mara Amone, individually and as Representative of the class, and

the class members identified in the Lawsuit, *Amone, et al. v. Aveiro, HCDCH, et al.*, Civ. No. 04-00508ACK, U.S. District Court, Hawaii.

2.3 "State of Hawaii" shall mean the State of Hawaii, its officers and employees, past and present, its heirs, successors and assigns, and specifically includes Stephanie Aveiro, in her official capacity as the Executive Director of the Housing and Community Development Corporation of Hawaii, and the Housing and Community Development Corporation of Hawaii ("HCDCH"), a duly organized and recognized agency of the State of Hawaii, now known as the Hawaii Public Housing Authority ("HPHA").

2.4 "Person" shall mean any individual, corporation, association, partnership, agency, joint venture, institution, organization, governmental agency, or other entity, and his, her or its legal Representatives.

2.5 "Representatives" shall mean the past and present Representatives, directors, officers, agents,

214458-1                              4

servants, employees, shareholders, predecessors, successors, assigns, and attorneys. In the case of the State, all of its departments shall also be included.

2.6 "Undersigned Parties" shall mean the persons executing this Agreement and includes Plaintiffs, the Law Firm and its Representatives, and the State of Hawaii and its Representatives.

2.7 "Covered Claims" shall mean (a) any and all claims asserted in the Lawsuit, and (b) any and all present or future claims, demands, obligations, actions and/or causes of action arising out of, or related to claims for attorneys fees or costs incurred in or due to this Lawsuit.

The above are "Covered Claims whether based on a constitutional claim, tort, statute, contract or other theory of recovery, which Plaintiffs now have, or may hereafter accrue or otherwise acquire, whether anticipated or not and whether known or unknown at the time of the execution of this Agreement.

## **RELEASE**

3.1 <u>Release</u>.  Plaintiffs do hereby fully release and discharge absolutely and forever from such Covered Claims the State of Hawaii, its Representatives, and all other persons, firms, partnerships, corporations and entities who might be liable to them for any of the Covered Claims, in whole or in part.

3.2 In consideration of the above stated Release, the State of Hawaii agrees to pay the Law Firm their attorneys fees and costs as stated in Paragraph 4.1, below, contingent only upon Court approval of the settlement and dismissal of the case with prejudice.

3.3 Plaintiffs, through the Law Firm and Representatives, acknowledge and agree that the payment of Plaintiffs attorneys' fees is not to be construed as an admission of liability on the part of any party, and that liability is expressly denied.

3.4 <u>Warranty</u>.  Plaintiffs represent and warrant that they own the right, title and interest in all claims Plaintiffs are releasing and that they have not

assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, their right, title or interest in any such claim to any person, including insurance carriers.

3.5 <u>Release</u>.  Alston Hunt Floyd & Ing and Lawyers for Equal Justice, for themselves and their Representatives, do hereby fully release and discharge absolutely and forever any claims they may have for attorney fees, costs, or other expenses arising out of the Lawsuit against the State of Hawaii and its Representatives.

3.6 The release in the immediately previous paragraphs shall be a fully binding and complete settlement between the Plaintiffs, the Law Firm of Alston Hunt Floyd & Ing and Lawyers for Equal Justice and their Representatives, and the State of Hawaii and its Representatives with respect to any allegation or claims they may have arising out of the Lawsuit, either directly or indirectly.

## PAYMENTS

4.1 <u>Payments</u>.  In consideration of the provisions set forth above, the State of Hawaii agrees to make payment of Plaintiffs attorneys fees and costs in the amount of **FORTY THOUSAND ONE HUNDRED AND THIRTY NINE DOLLARS AND 59/100 CENTS** ($40,139.59) in full settlement of the Covered Claims.  This settlement payment is to be made jointly to the Law Firm of Alston Hunt Floyd & Ing and Lawyers for Equal Justice upon the dismissal with prejudice of the Lawsuit.

## GENERAL PROVISIONS

5.1 Upon execution of this Agreement, Plaintiffs and their Law Firm agree to defend and hold harmless, and to indemnify, the State of Hawaii and its Representatives from any claims for attorneys fees and costs that may be asserted.

5.2 HCDCH has amended its Reasonable Accommodation form to include a specific category for eligible disabled public housing residents to request the

supplemental utility allowance.  HCDCH will also file an appropriate document in the U.S. District Court, District of Hawaii, stating the corrective measures it undertook as a result of the Lawsuit. Plaintiffs have reviewed and approved this document.

5.3 <u>Dismissal</u>.  Upon execution of this Agreement, Plaintiffs and the State shall execute and file all appropriate pleadings dismissing with prejudice the Lawsuit asserting the Covered Claims and dissolving the injunction.  The dismissal with prejudice shall specifically release the State of Hawaii, and any of its Representatives named as defendants in their official or individual capacities.  In the event that the rules of court require a motion to dismiss the Complaints with prejudice, Plaintiffs shall so move. Plaintiffs and State of Hawaii shall each bear their own costs and attorney fees in connection with any such motion.

5.4 <u>Hawaii Law</u>.  This Agreement shall be subject to, governed by, constituted, and enforced pursuant to the laws of the State of Hawaii.

5.5 <u>Modification</u>.  This Agreement shall not be altered, amended or modified except by writing duly executed by all of the Undersigned Parties or their successors in interest.

5.6 <u>Costs and Attorneys' Fees</u>.  In the event that any Undersigned Party to this Agreement brings an action arising out of a breach of this Agreement or otherwise to enforce its terms, then the prevailing party shall be entitled to recover all reasonable costs and expenses incurred by the prevailing party from the other party in connection therewith, including, but not limited to, reasonable attorneys' fees.

5.7 <u>Warrant of Authority</u>.  Each person signing this Agreement warrants and represents that he or she has authority to sign on behalf of himself or herself or of the entity that he or she represents and that this Agreement has been validly authorized and constitutes a

214458-1                           10

legally binding and enforceable obligation of each Undersigned Party.

    5.8 <u>No Representation</u>.  Each Undersigned Party acknowledges that no promise, agreement, fact or opinion not expressed herein has been made by or to them to induce this Agreement and that this settlement is made with full knowledge of the facts and possibilities of the subject matters of this Agreement and with advice of counsel.

    5.9 <u>Entire Agreement</u>.  This Agreement contains all of the terms agreed upon between the Undersigned Parties and supersedes and cancels each and every other conflicting Agreement, promise and/or negotiation between them.

    5.10 <u>Section and Paragraph Headings</u>.  The section and paragraph headings in this Agreement are inserted solely as a matter of convenience and for reference and in no way define, limit, describe or affect the scope or intent of any provision of this Agreement.

5.11 <u>Interpretation</u>.  The terms of this Agreement have been negotiated at arm's length among sophisticated parties represented by experienced counsel.  As a result, the rule of "interpretation against the draftsman" shall not apply in any dispute over interpretation of the terms of this Agreement.

5.12 <u>Gender</u>.  The use of "his," "her," "its," and similar words is not intended to be gender-specific and each of such words includes the others.

5.13 <u>Counterparts</u>.  This Agreement may be executed in any number of counterparts by any party hereto, each of which shall be deemed and stamped as an original, but all of which together shall constitute one and the same instrument.  Each party shall execute and provide an original counterpart to every other party released hereby.

DATED:  Honolulu, Hawaii, _January 16, 2007_.

Plaintiffs, by their Class Counsel,

_____
SHELBY ANNE FLOYD, ESQ.
Alston Hunt Floyd and Ing
GAVIN K. THORNTON, ESQ.
Lawyers for Equal Justice


STEPHANIE AVIERO, In her Official Capacity as Executive Director of the Housing and Community Development Corporation of Hawaii, and the HOUSING AND COMMUNITY DEVELOPMENT CORPORATION OF HAWAII

Defendants

By: _____
PATTI Y. MIYAMOTO
ITS INTERIM EXECUTIVE DIRECTOR

APPROVED AS TO FORM:

MARK J. BENNETT
Attorney General

_____
LISA M. GINOZA
First Deputy Attorney General
JOHN C. WONG
MARGARET A. LEONG
Deputy Attorneys General
Attorneys for Defendants

214458-1                          13