Of Counsel:

LAWYERS FOR EQUAL JUSTICE

GAVIN K. THORNTON      7922
PO Box 37952
Honolulu, HI  96837
Telephone:  (808) 542-5203
Facsimile:  (808) 587-7605
Email: gavinthornton@gmail.com

ALSTON HUNT FLOYD & ING
Attorneys At Law
A Law Corporation

SHELBY ANNE FLOYD      1724-0
PAUL ALSTON            1126-0
Palani Court Suite 104
74-5620 Palani Road
Kailua-Kona, HI 96740
Telephone:  (808) 326-7979
Facsimile: (808) 326-4779
E-Mail:   sfloyd@ahfi.com

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| MARA AMONE individually, and on behalf of all persons similarly situated,<br><br>            Plaintiff,<br>v. | CIVIL NO. CV04-00508 ACK/BMK<br>(Class Action)<br><br>**PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF**<br>(continued on next page) |

| | |
|---|---|
| STEPHANIE AVEIRO, in her official capacity as the Executive Director of the Housing and Community Development Corporation of Hawaii; HOUSING AND COMMUNITY DEVELOPMENT CORPORATION OF HAWAII, a duly organized and recognized agency of the State of Hawaii.<br><br>              Defendants. | **JOINT MOTION FOR SETTLEMENT APPROVAL; DECLARATION OF GAVIN THORNTON; EXHIBITS A - B; CERTIFICATE OF SERVICE**<br><br>Hearing Date:  August 27, 2007<br>Hearing Time:  10:30 a.m.<br>Judge:             Hon. Alan C. Kay |

**PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF JOINT MOTION FOR SETTLEMENT APPROVAL**

**I.   Introduction**

Plaintiffs, by and through Class Counsel Alston Hunt Floyd & Ing and Lawyers for Equal Justice, hereby submit this supplemental memorandum in support of the joint motion for settlement approval filed in the above-entitled action on February 22, 2007.  Class Counsel has received two objections to the proposed settlement.  However, the settlement is fair and reasonable, meets the requirements for final approval, and the conditions for final approval have been satisfied. So the Court should grant final approval of the settlement at the hearing to be

held on August 27, 2007.

## II. The Conditions and Requirements for Final Approval Have Been Fulfilled

On May 21, 2007, the Court filed an order granting preliminary approval of the settlement subject to the Court's receipt of affidavits substantiating the attorneys' fees and costs for Class Counsel alleged in the Settlement Agreement.  The order set the Final Fairness Hearing regarding the settlement for August 27, 2007 at 10:30 a.m.  The hearing was to be waived if no objections had been received ten (10) or more days before the hearing, but will be held since objections have been submitted.  The order also approved the notice of proposed settlement to class members which was to be mailed and published by July 16, 2007.

The conditions for final settlement approval have been fulfilled. Class Counsel filed declarations substantiating the attorneys' fees and costs alleged in the Settlement Agreement on June 22, 2007. On information and belief, the notices of proposed settlement to class members were mailed and published by July 16, 2007. Thornton Decl. at ¶ 7.  Further, as outlined in the joint motion for

settlement approval filed with this Court on February 22, 2007, the Settlement Agreement is fair and reasonable, and otherwise meets the requirements for settlement approval.

### III. The Two Objections Submitted Regarding the Settlement Should Not Prevent Final Settlement Approval

Class Counsel has received two objections to the Settlement Agreement, one from Robin M.P. Lo (hereinafter "Lo objection") and one from Shahrashad Levin (hereinafter "Levin objection"). Thornton Decl. at ¶¶ 3-6.

The Lo objection (attached hereto as Exhibit A) appears to be based on the mistaken assumption that the settlement will require an additional payment from tenants for utilities and will increase tenants overall shelter costs. The objection states in part, "Recently we also received a letter from your Dept. of 'HCDCH' to request utility payment for each apt. at senior apartments, I think this is very unfair to the seniors and a bad decision made from your dept. The price increase should depend on the person's income." Ex. A. Class Counsel contacted Mr. Lo and clarified that the Settlement Agreement would not require any additional utility payments by

tenants.  Thornton Decl. at ¶ 4.  It was unclear whether Mr. Lo maintained his objection after the clarification was made.  *Id.*  However, Mr. Lo indicated that his utilities were included in his rent and that he did not purchase his utilities directly from a utility provider, meaning that Mr. Lo is not a member of the Plaintiff Class.  *Id.*

The Levin objection (attached hereto as Exhibit B) appears to be based on the mistaken assumption that the relief sought by this action included claims for punitive and other damages, and thus is not relevant to whether final approval of the settlement should be granted or not.  Further, there is no indication that Levin is a member of the Plaintiff class (e.g. there is no indication that Levin has a disability that requires the use of utility-consuming equipment).  Ex. B.

### IV. Conclusion

The conditions and requirements for final approval of the Settlement Agreement have been fulfilled.  The two objections submitted do not provide sufficient reason for the settlement to not be approved.

Plaintiffs respectfully request that the Court order final approval of the settlement. Plaintiffs further request, pursuant to the terms of the Settlement Agreement, that upon issuance of its order granting final settlement approval the Court dissolve the injunction entered against Defendants on June 17, 2005 and dismiss this suit with prejudice, thereby releasing from further liability under this suit the State of Hawaii, and any of its Representatives names as defendants in their official or individual capacities.

DATED: Honolulu, Hawai'i, August 15, 2007.

/s/ Gavin Thornton
GAVIN THORNTON
SHELBY ANNE FLOYD