IN THE MATTER OF )
IMPORTANT NOTICE TO CLASS )
MEMBERS IN "AMONE, ET AL V. )
AVEIRO, HCDCH", CIV. NO. 04-00508 )   *AFFIDAVIT OF PUBLICATION*
OF PROPOSED SETTLEMENT AND ORDER )
)
)
)

STATE OF HAWAII )
) SS.
City and County of Honolulu )

Carrie Asuncion _____ being duly sworn, deposes and says that she is a clerk, duly authorized to execute this affidavit of MidWeek Printing, Inc., publisher of MidWeek and the Honolulu Star-Bulletin, that said newspapers are newspapers of general circulation in the State of Hawaii, and that the attached notice is true notice as was published in the aforementioned newspapers as follows:

MidWeek _____ times on _____

_____

_____

Honolulu Star-Bulletin ___1___ times on _____
07/01/2007

_____

And that affiant is not a party to or in any way interested in the above entitled matter.

C. Asuncion

Subscribed to and sworn before me this  2ND  day of  July  A.D. 20 07

Notary Public of the First Judicial Circuit
State of Hawaii

My commission expires October 07, 2010

Ad# 05530291

**IMPORTANT NOTICE TO CLASS MEMBERS IN "AMONE, ET AL V. AVEIRO, HCDCH", CIV. NO. 04-00508 OF PROPOSED SETTLEMENT AND ORDER**

Pursuant to Rule 23 (e) of the Federal Rules of Civil Procedure, you are hereby notified of the following:

1. The Complaint in this case was filed on August 18, 2004, asking for declaratory and injunctive relief, and alleging that the "Housing and Community Development Corporation", now known as the "Hawaii Public Housing Authority", failed to notify disabled tenants of their rights under various federal laws, failed to adopt procedure to increase utility allowances for qualified disabled tenants, and charged qualified tenants rent in excess of that allowed by law.

2. On March 2, 2005, the Court entered an Order Certifying this action as a class action and defining the class as: 1) disabled persons that currently reside, or have resided since August 18, 2002, in a public housing project, 2) in which residents receive utility allowances, and 3) whose special needs arising from their disability require them to consume utilities in excess of the amount provided for in the standard public utility allowances.

3. On May 31, 2005, the Court entered an order in favor of Plaintiffs, holding that HCDCH did violate the law and requiring HCDCH to make appropriate adjustments to the utility allowances for those residents whose special needs arising from their disability require them to consume utilities in excess of the amount provided for in the standard public housing utility allowances.

4. The parties filed a Joint Motion for Preliminary Approval of Settlement of the case, and asked the Court to set a Final Fairness Hearing to approve settlement and dismissal of the case. According to the Joint Motion, Plaintiffs have received the declaratory and injunctive relief they requested, the HCDCH has complied with the Court's Order by undertaking the required corrective measures to provide eligible disabled tenants with the appropriate supplemental utility allowances.

5. The Settlement Agreement provides that HCDCH shall pay Plaintiffs' attorneys fees and costs of $40,158.

6. The Court held a hearing on the Joint Motion for Preliminary Approval of the settlement of May 21, 2007. At the hearing, the Court ordered the Final Fairness Hearing, to approve the settlement as being fair, reasonable, and adequate, for August 27, 2007.

If you are a class member and object to the settlement of the case, or you wish to be excluded from the settlement of the case, you must submit your written objections to Class Counsel no later than ten (10) days before the Final Fairness Hearing, that is, on or before close of business on August 17, 2007 to:

SHELBY ANNE FLOYD, ESQ.
Alston Hunt Floyd & Ingo
American Savings Bank Tower
1001 Bishop Street, 18th Floor
Honolulu, Hawaii 96813

(SB05530291 7/1/07)

