IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MARA AMONE INDIVIDUALLY, AND ON BEHALF OF ALL PERSONS SIMILARLY SITUATED,<br><br>      Plaintiffs,<br><br>  vs.<br><br>STEPHANIE AVEIRO, IN HER OFFICIAL CAPACITY AS THE EXECUTIVE DIRECTOR OF THE HOUSING AND COMMUNITY DEVELOPMENT CORPORATION OF HAWAII, ET AL.,<br><br>      Defendants. | Civ. No. 04-00508 ACK-BMK |

**ORDER GRANTING FINAL APPROVAL OF SETTLEMENT, DISSOLVING PERMANENT INJUNCTION, DISMISSING ALL CLAIMS AGAINST ALL PARTIES, AND DISMISSING ALL PARTIES IN THE CASE WITH PREJUDICE**

BACKGROUND

Plaintiffs in this class action alleged that Defendants Stephanie Aveiro, in her official capacity as the Director of Housing and Community Development Corporation of Hawaii ("HCDCH"), and HCDCH failed to comply with the requirements of the United States Housing Act and supporting regulations by (1) failing to provide notice to disabled tenants of public housing that they entitled to increase in their utilities allowance for increased usage as a result of their disability, and (2) failing

to establish and implement rules and procedures to determine what the allowance would be.

On March 2, 2005, the Court issued an Order certifying and defining the class in this action as: "disabled persons that currently reside, or have resided within the last two years, in an HCDCH public housing project in which residents receive utility allowances, whose special needs arising from their disability require them to consume utilities in excess of the amount provided for in the standard utility allowances."

On May 31, 2005, the Court entered an Order in favor of Plaintiffs, holding that HCDCH failed to provide adjustments to the utility allowances of disabled public housing residents whose special needs arising from their disabilities require them to consume utilities in excess of the amount provided for by the standard public utility allowances. On June 17, 2005, the Court entered a permanent injunction in favor of Plaintiffs, ordering HCDCH to take remedial measures in compliance with the law and applicable regulations.

HCDCH has implemented corrective measures to the satisfaction of Plaintiffs and the Court. Parties reached a Settlement Agreement awarding Class Counsel their attorneys' fees and costs in the amount of $40,139.59 in full settlement of all claims in the lawsuit as well as future claims or demands related to the lawsuit.

On February 22, 2007, the Parties filed a Joint Motion for Preliminary Settlement Approval with this Court. A hearing on the Joint Motion was held on May 21, 2007. That same day, the Court issued an Order in accordance with Rule 23(e) of the Federal Rules of Civil Procedure, finding that the Proposed Settlement Agreement between the Parties is fair, reasonable, and adequate.  The Court:

(1) Granted preliminary approval of the settlement reached in this case, subject to the Court's receipt of an affidavit substantiating the attorneys' fees and costs alleged in the Settlement Agreement for Class Counsel;

(2) Set the date and time for the Final Fairness Hearing for August 27, 2007 at 10:30 a.m..  The Final Fairness Hearing may be waived by the Court if no objections to the settlement are received within the time specified;

(3) Approved the mailing and publication of the proposed Notice to class members of the Proposed Settlement by July 16, 2007; and

(4) If no written objections to the settlement are received from any class members ten (10) days before the Final Fairness Hearing date, then the Court would waive the Hearing, enter an Order giving final approval to the settlement, and enter an Order dismissing the case with prejudice and dissolving the injunction.

On June 22, 2007, Class Counsel submitted affidavits substantiating the attorneys' fees and costs alleged in the Settlement Agreement.

On August 16, 2007, Plaintiffs submitted a Supplemental Memorandum In Support of Joint Motion for Settlement Approval. Class Counsel received two objections to the Settlement Agreement, one from Robin M.P. Lo ("Lo Objection") and one from Shahrashad Levin ("Levin Objection"). See Pl. Suppl. Memo Exhs. "A" and "B". Both objections were attached as exhibits to the Supplemental Memorandum.

On August 20, 2007, counsel for Defendants filed a Statement of Compliance Re: Notice of Settlement to Class Members confirming that Defendants mailed the Notice of Proposed Settlement to all 4,634 federal public housing households, which included both class members and non-class members in the July rent notices mailed June 1, 2007. In addition, Defendants published the Notice of Proposed Settlement in the following publications on July 1, 2007: West Hawaii Today, the Garden Isle, the Maui News, the Honolulu Advertiser, the Hawaii Tribune Herald, and the Honolulu Star-Bulletin.

Having received two objections to the proposed Settlement Agreement, the Court held the final fairness hearing on August 27, 2007 at 9:30 a.m. as scheduled. No other objections to the settlement were presented at the final fairness

hearing.

## **DISCUSSION**

The parties have met the conditions for final approval of the Settlement Agreement set forth by the May 21, 2007 Order, namely the submission of affidavits from Class Counsel substantiating the attorneys' fees and costs alleged in the Settlement Agreement and Defendants' confirmation of the mailing and publication of the notice of proposed settlement by July 16, 2007. After reviewing the affidavits of Class Counsel, the Court reiterates its finding that the amount of attorneys' fees and costs requested, $40,139.59, is reasonable given the nature, duration, progress, and outcome of the litigation. The Court now turns to the objections received from Lo and Levin to determine whether final approval of the Settlement Agreement in this case should be granted.

The Lo objection appears to be based on the mistaken belief that the Settlement Agreement will increase Lo's rental or utility costs. In his objection Mr. Lo states, "Recently we also received a letter from your Dept. of 'HDCDH' [sic] to request utility payment for each apt. at senior apartments, I think this is very unfair to the seniors and a bad decision made from your dept. The price increase should depend on the person's income." See Pl. Suppl. Memo Exh. "A". Class counsel, Gavin Thornton, spoke with Mr. Lo about his objection and informed him that the

5

settlement would not require public housing tenants to pay for their own utilities if they were not previously doing so or increase the tenants' shelter costs.  See Thornton Decl. at ¶ 4. Mr. Lo stated that his utilities are included in his rent and he does not purchase his utilities directly from a utility provider. Because the lawsuit only applies to public housing tenants who receive utility allowances to purchase utilities from a utility provider, it appears that Mr. Lo is not a member of the Plaintiff Class, nor does he allege a cognizable injury from the settlement.  For these reasons, Mr. Lo does not have standing to object to the Settlement Agreement, and the Court need not consider his objection to determine whether to grant final approval of the Settlement Agreement. See, e.g., Wolff v. Cash 4 Titles, 351 F.3d 1348, 1354 (11th Cir. 2003)(holding that nonparties in a class action do not have standing to object to a settlement agreement); Uselton v. Commercial Lovelace Motor Freight, Inc., 9 F.3d 849, 855 (10th Cir. 1993)(holding that only class members had standing to object to award of attorney fees paid from class settlement fund); see also 7B Charles Alan Wright, Arthur Miller, and Mary Kay Kane, Federal Practice & Procedure § 1797.1 ("Only clearly presented objections by those who will be bound by the settlement will be considered.").

   Unlike Mr. Lo, Mr. Levin does appear to have standing to object to the settlement agreement as a class member of the

suit.  At the final fairness hearing, Class Counsel Gavin Thornton stated that he had received an objection from Mr. Levin to an earlier notice in the case that indicated Mr. Levin is a class member.  In his latest objection, Mr. Levin objects to the fact that the Notice of Proposed Settlement did not discuss "any amount of recovery as should have been done.  In so doing would have allowed me the benefit to accept, reject, or demand a more reasonable amount.  I was denied the benefit to be compensated for punitive damages as well as all other recovery set forth by the Court."  See Pl. Suppl. Memo Exh. "B".  It appears that Mr. Levin mistakenly believed that the relief sought in this lawsuit included punitive and other monetary damages.  No damages were sought in this suit.  The Settlement Agreement is fair even though it does not provide Mr. Levin monetary compensation because damages were not sought in this suit, no other class members received monetary damages, and all class members received the benefit of HDCDH's remedial measures.  Consideration of Mr. Levin's objection does not overcome the factors weighing in favor of approving the settlement.

     The Court examined several factors in the May 21, 2007 Order, and found that the Settlement Agreement is fair, reasonable, and adequate because: (1) the risk, expense, and likely duration of further litigation is minimal because Defendants have abided by the prescribed corrective actions to

the satisfaction of the Plaintiffs and the Court; (2) the amount of attorneys' fees appears reasonable and adequate in light of the nature, progress, and outcome of the litigation; (3) the Parties have conducted discovery and litigated the merits of the claims for summary judgment and the litigation has reached its conclusion; (4) counsel on both sides are experienced in class-action litigation and have expressed the view that the settlement is fair; and (5) the agreement was reached as a result of arm's length negotiations and treats all class members similarly.

Finally, the factor accounting for the reaction of the class members also tends to weigh in favor of approving the Settlement Agreement. As stated above, Mr. Lo does not appear to be a class member and lacks standing to object to the Settlement Agreement. Mr. Levin's objection is not substantial because the Plaintiff class did not seek monetary damages and Mr. Levin received the same benefit as all the other class members in the form of obtaining HCDCH's compliance with the law. No other objections were filed by class members and therefore the reaction of the class also supports approval of the Settlement Agreement. For all the reasons set forth in the May 21, 2007 Order and above, the Court finds that the Settlement Agreement is fair, reasonable, and adequate.

## **CONCLUSION**

For all the foregoing reasons, the Court concludes that

the parties have met the conditions for final approval of the Settlement Agreement set forth by the May 21, 2007 Order, namely the submission of affidavits from Class Counsel substantiating the attorneys' fees and costs alleged in the Settlement Agreement and Defendants' confirmation of the mailing and publication of the notice of proposed settlement by July 16, 2007.  Moreover, the two objections filed do not overcome the factors weighing in favor of approval of the settlement. Thus, the Court:

(1) GRANTS Final Approval of the Settlement Agreement;

(2) DISSOLVES the permanent injunction entered against Defendants on June 17, 2005; and

(3) DISMISSES all claims against all parties with prejudice and DISMISSES all parties in this case with prejudice.

IT IS SO ORDERED.

DATED, Honolulu, Hawaii, August 27, 2007.



_____
Alan C. Kay
Sr. United States District Judge

AMONE et al. v. AVEIRO et al., Civ. No. 05-00508 ACK-BMK, Order Granting Final Approval of Settlement, Dissolving the Permanent Injunction, Dismissing All Claims Against All Parties, and Dismissing All Parties in the Case with Prejudice.