OF ...
DAVIT OF PUBLICATION

THE GARDEN ISLAND    CV 04-508 ACK-BMK

```
FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

AUG 27 2007

at 10 o'clock and 33 min. a M
SUE BEITIA, CLERK
```

ACCOUNTS PAYABLE
SOH/HAWAI PUBLIC HOUSEING AUTH
1002 N SCHOOL STREET
HONOLULU HI   96817

REFERENCE:  117404
            97989       PROPOSED SETTLEMENT
                        AND ORDER

Diean Kamauoha, being duly sworn, deposes and
says, that she is an employee of "The Garden
Island," a newspaper published in Lihue, County of
Kauai, State of Hawaii; that the NOTICE in the
above entitled matter of which the annexed is a
true and correct copy, was published ____ time(s)
in "The Garden Island" aforesaid and that this
affiant is not a party to or in any way interested
in the above entitled matter.

_Diean Kamauoha_

Subscribed and sworn to before me this _24th_
day of _July_, 2007.

_Carmencita P. Centeno_

CARMENCITA P. CENTENO
Notary Public, Fifth Judicial Circuit
State of Hawaii

My Commission Expires
Jul 25, 2008

PUBLISHED ON: 07/01/2007

FILED ON:     07/01/07

---

**IMPORTANT NOTICE TO CLASS MEMBERS IN
"AMONE, ET AL V. AVEIRO, HCDCH; CIV. NO. 04-00
PROPOSED SETTLEMENT AND ORDER**

Pursuant to Rule 23 (e) of the Federal Rules of Civil Procedure, you
of the following:

1. The Complaint in this case was filed on August 18, 2004, asking
   injunctive relief, and alleging that the "Housing and Commu
   Corporation", now known as the "Hawaii Public Housing Authori
   disabled tenants of their rights under various federal laws, failed
   to increase utility allowances for qualified disabled tenants, and
   tenants rent in excess of that allowed by law.

2. On March 2, 2005, the Court entered an Order Certifying this acti
   and defining the class as: 1) disabled persons that currently resi
   since August 18, 2002, in a public housing project, 2) in which res
   ity allowances, and 3) whose special needs arising from their disa
   to consume utilities in excess of the amount provided for in the st
   ity allowances.

3. On May 31, 2005, the Court entered an order in favor of Plai
   HCDCH did violate the law and requiring HCDCH to make appro
   to the utility allowances for those residents whose special needs
   disability require them to consume utilities in excess of the amo
   the standard public housing utility allowances.

4. The parties filed a Joint Motion for Preliminary Approval of Settl
   and asked the Court to set a Final Fairness Hearing to approve s
   missal of the case. According to the Joint Motion, Plaintiffs have re
   tory and injunctive relief they requested, the HCDCH has complie
   Order by undertaking the required corrective measures to provid
   tenants with the appropriate supplemental utility allowances.

5. The Settlement Agreement provides that HCDCH shall pay Plaint
   and costs of $40,158.

6. The Court held a hearing on the Joint Motion for Preliminary App
   ment of May 21, 2007. At the hearing, the Court ordered the Final
   to approve the settlement as being fair, reasonable, and adequa
   2007.

If you are a class member and object to the settlement of the case,
excluded from the settlement of the case, you must submit your wr
Class Counsel no later than ten (10) days before the Final Fairness H
or before close of business on August 17, 2007 to:

SHELBY ANNE FLOYD, ESQ.
Alston Hunt Floyd & Ingo
American Savings Bank Tower
1001 Bishop Street, 18th Floor
Honolulu, Hawaii 96813

(July 1, 2007)

## AFFIDAVIT OF PUBLICATION

STATE OF HAWAII,  } ss.
County of Maui.

_____Terri Yip-Komoda_____ being duly sworn deposes and says, that she is _____Advertising Sales_____ of the Maui Publishing Co., Ltd., publishers of the MAUI NEWS, a newspaper published in Wailuku, County of Maui, State of Hawaii; that the ordered publication as to _____IMPORTANT NOTICE TO CLASS MEMBERS IN "AMONE, ET AL V. AVEIRO, HCDCH:, CIV. NO. 04-00508_____ of which the annexed is a true and corrected printed notice, was published __1__ times in the MAUI NEWS, aforesaid, commencing on the __1st__ day of __July__, 2007, and ending on the __1st__ day of __July__, 2007, (both days inclusive), to-wit:

July 1, 2007

and that affiant is not a party to or in any way interested in the above entitled matter.

Subscribed and sworn to before me this __2nd__ day of __July__ A.D. 2007.

Notary Public, Second Judicial Circuit, State of Hawaii.
LEILA ANN L. LEONG
My Commission Expires: 11-23-07

---

IMPORTANT NOTICE TO CLASS "AMONE, ET AL V. AVEIRO, HCDCH" OF PROPOSED SETTLEMENT

Pursuant to Rule 23 (e) of the Federal Rules of C[ivil Procedure], notified of the following:

1. The Complaint in this case was filed o[n ...] declaratory and injunctive relief, and al[leged that the] Community Development Corporation", no[w the] Housing Authority", failed to notify disabl[ed tenants of] various federal laws, failed to adopt [procedures,] allowances for qualified disabled tenants, [and charged] rent in excess of that allowed by law.

2. On March 2, 2005, the Court entered an Or[der granting] class action and defining the class as: 1) d[isabled tenants who] reside, or have resided since August 18, 200[0, in units;] 2) in which residents receive utility allowanc[es, and 3)] arising from their disability require them to [use more than] the amount provided for in the standard publi[shed allowances].

3. On May 31, 2005, the Court entered an order [finding] that HCDCH did violate the law and f[ailed to make] appropriate adjustments to the utility allowan[ces for] special needs arising from their disability requ[iring use] in excess of the amount provided for in the st[andard] allowances.

4. The parties filed a Joint Motion for Prelimina[ry Approval of] the case, and asked the Court to set a Final [Approval hearing on] settlement and dismissal of the case. Acco[rding to] Plaintiffs have received the declaratory and inju[nctive relief,] the HCDCH has complied with the Court's [orders and] required corrective measures to provide eligib[le tenants] appropriate supplemental utility allowances.

5. The Settlement Agreement provides that HC[DCH pay] attorneys fees and costs of $40,158.

6. The Court held a hearing on the Joint Motion f[or Approval of] the settlement of May 21, 2007. At the hearing, [the Court set a] Fairness Hearing, to approve the settlement as [fair and] adequate, for August 27, 2007.

If you are a class member and object to the settlement or [wish to be] excluded from the settlement of the case, you must submit [to] Class Counsel no later than ten (10) days before the Final [Hearing] on or before close of business on August 17, 2007 to:

SHELBY ANNE FLOYD, ESQ.
Alston Hunt Floyd & Ing
American Savings Bank Tower
1001 Bishop Street, 18th Floor
Honolulu, Hawaii 96813

(MN: July 1, 2007)

# AFFIDAVIT OF PUBLICATION

STATE OF HAWAII,  } ss.
County of Maui.    }

_____Terri Yip-Komoda_____ being duly sworn, ses and says, that she is _____Advertising Sales_____ of Maui Publishing Co., Ltd., publishers of the MAUI NEWS, a ;paper published in Wailuku, County of Maui, State of Hawaii; the ordered publication as to _____

PORTANT NOTICE TO CLASS MEMBERS IN "AMONE, ET AL V. AVEIRO, HCDCH:, CIV. NO. 04-00508

which the annexed is a true and corrected printed notice, was ished __1__ times in the MAUI NEWS, aforesaid, commencing he __1st__ day of __July__, 2007, and ending he __1st__ day of __July__, 2007, (both days isive), to-wit: _____

July 1, 2007

that affiant is not a party to or in any way interested in the above led matter.

;cribed and sworn to before me this
_ day of __July__ A.D. 2007.

Notary Public, Second Judicial Circuit, State of Hawaii.
LEILA ANN L. LEONG
My Commission Expires: 11-27-07

---

**IMPORTANT NOTICE TO CLASS MEMBERS IN "AMONE, ET AL V. AVEIRO, HCDCH" CIVIL NO. 04-00508 OF PROPOSED SETTLEMENT AND ORDER**

Pursuant to Rule 23 (e) of the Federal Rules of Civil Procedure, you are here notified of the following:

1. The Complaint in this case was filed on August 18, 2004, asking declaratory and injunctive relief, and alleging that the "Housing & Community Development Corporation", now known as the "Hawaii Pub Housing Authority", failed to notify disabled tenants of their rights un various federal laws, failed to adopt procedure to increase util allowances for qualified disabled tenants, and charged qualified tenan rent in excess of that allowed by law.
2. On March 2, 2005, the Court entered an Order Certifying this action as class action and defining the class as: 1) disabled persons that current reside, or have resided since August 18, 2002, in a public housing proje 2) in which residents receive utility allowances, and 3) whose special nec arising from their disability require them to consume utilities in excess the amount provided for in the standard public utility allowances.
3. On May 31, 2005, the Court entered an order in favor of Plaintiffs, holdir that HCDCH did violate the law and requiring HCDCH to mal appropriate adjustments to the utility allowances for those residents whos special needs arising from their disability require them to consume utiliti in excess of the amount provided for in the standard public housing utilit allowances.
4. The parties filed a Joint Motion for Preliminary Approval of Settlement c the case, and asked the Court to set a Final Fairness Hearing to approv settlement and dismissal of the case. According to the Joint Motion Plaintiffs have received the declaratory and injunctive relief they requested the HCDCH has complied with the Court's Order by undertaking th required corrective measures to provide eligible disabled tenants with th appropriate supplemental utility allowances.
5. The Settlement Agreement provides that HCDCH shall pay Plaintiffs' attorneys fees and costs of $40,158.
6. The Court held a hearing on the Joint Motion for Preliminary Approval of the settlement of May 21, 2007. At the hearing, the Court ordered the Final Fairness Hearing, to approve the settlement as being fair, reasonable, and adequate, for August 27, 2007.

If you are a class member and object to the settlement of the case, or you wish to be excluded from the settlement of the case, you must submit your written objections to Class Counsel no later than ten (10) days before the Final Fairness Hearing, that is, on or before close of business on August 17, 2007 to:

SHELBY ANNE FLOYD, ESQ.
Alston Hunt Floyd & Ing
American Savings Bank Tower
1001 Bishop Street, 18th Floor
Honolulu, Hawaii 96813

(MN: July 1, 2007)

Equal Opportunity Employer

(No.3594—West Hawaii Today: June 26, 28, July 1, 3, 5, 8, 10, 12, 15, 17, 19, 22, 24, 26, 29, 31, August 2, 5, 7, 9, 12, 14, 16, & 19, 2007)

**State/County Notices 15**  **State/County Notices 15**  **State/County Notices 15**

## IMPORTANT NOTICE TO CLASS MEMBERS IN "AMONE, ET AL. V. AVEIRO, HCDCH:, CIV. NO. 04-00508 OF PROPOSED SETTLEMENT AND ORDER

Pursuant to Rule 23 (e) of the Federal Rules of Civil Procedure, you are hereby notified of the following:

1. The Complaint in this case was filed on August 18, 2004, asking for declaratory and injunctive relief, and alleging that the "Housing and Community Development Corporation", now known as the "Hawaii Public Housing Authority", failed to notify disabled tenants of their rights under various federal laws, failed to adopt procedure to increase utility allowances for qualified disabled tenants, and charged qualified tenants rent in excess of that allowed by law.

2. On March 2, 2005, the Court entered an Order Certifying this action as a class action and defining the class as: 1) disabled persons that currently reside, or have resided since August 18, 2002, in a public housing project, 2) in which residents receive utility allowances, and 3) whose special needs arising from their disability require them to consume utilities in excess of the amount provided for in the standard public utility allowances.

3. On May 31, 2005, the Court entered an order in favor of Plaintiffs, holding that HCDCH did violate the law and requiring HCDCH to make appropriate adjustments to the utility allowances for those residents whose special needs arising from their disability require them to consume utilities in excess of the amount provided for in the standard public housing utility allowances.

4. The parties filed a Joint Motion for Preliminary Approval of Settlement of the case, and asked the Court to set a Final Fairness Hearing to approve settlement and dismissal of the case. According to the Joint Motion, Plaintiffs have received the declaratory and injunctive relief they requested, the HCDCH has complied with the Court's Order by undertaking the required corrective measures to provide eligible disabled tenants with the appropriate supplemental utility allowances.

5. The Settlement Agreement provides that HCDCH shall pay Plaintiffs' attorneys fees and costs of $40,158.

6. The Court held a hearing on the Joint Motion for Preliminary Approval of the settlement of May 21, 2007. At the hearing, the Court ordered the Final Fairness Hearing, to approve the settlement as being fair, reasonable, and adequate, for August 27, 2007.

If you are a class member and object to the settlement of the case, or you wish to be excluded from the settlement of the case, you must submit your written objections to Class Counsel no later than ten (10) days before the Final Fairness Hearing, that is, on or before close of business on August 17, 2007 to:

SHELBY ANNE FLOYD, ESQ.
Alston Hunt Floyd & Ing
American Savings Bank Tower
1001 Bishop Street, 18th Floor
Honolulu, Hawaii 96813

(No.8600—West Hawaii Today: July 7, 2007)